IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC K. FULLMAN, | : | CIVIL NO. 3:14-CV-1899 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CENTRE COUNTY COURTHOUSE, | : | |
| PRESIDENT JUDGE THOMAS | : | |
| KISTLER, | : | |
| | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner Isaac K Fullman ("petitioner") filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his fully expired judgment of sentence for driving under the influence, and other summary offenses imposed on January 25, 2011, in the Court of Common Pleas, Centre County, Pennsylvania. (Doc. 1, at 1). Having thoroughly reviewed petitioner's submissions, the court will summarily dismiss the petition for lack of subject matter jurisdiction. See R. GOVERNING § 2254 CASES R.4 (stating that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

I. **Background**

On December 14, 2010, following a jury trial, petitioner was convicted of driving under the influence in violation of 75 PA. C.S.A. § 3802, driving while license was suspended

in violation of 75 PA. C.S.A. § 1543, and failure to stop at a red signal in violation of 75 PA.C.S.A. § 3112. (Doc. 1, at 1; https://ujsportal.pacourts.us, court of common pleas electronic docket number CP-14-CR-0000993-2010). On January 25, 2011, he was sentenced to a minimum term of imprisonment of ten days and a maximum term of two years. (Doc. 1, at 1).

He pursued a direct appeal to the Superior Court of Pennsylvania, which affirmed the judgment of the trial court on November 9, 2011. (Doc. 1, at 2; https://ujsportal.pacourts.us, superior court electronic docket number 635 MDA 2011). Thereafter, he petitioned the Supreme Court of Pennsylvania for allowance of appeal, *nunc pro tunc*. (Doc. 1, at 2; https://ujsportal.pacourts.us, supreme court electronic docket number 70 MAL 2014). The petition was denied on July 16, 2014, and his application for reconsideration of the denial was denied on August 29, 2014. (Id.)

He also filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46, in the court of common pleas on the November 18, 2011, which was amended on February 1, 2012. (Doc. 1, at 5; see https://ujsportal.pacourts.us, court of common pleas electronic docket number CP-14-CR-0000993-2010, p. 12). The amended PCRA was denied on May 31, 2012. (See https://ujsportal.pacourts.us, court of common pleas electronic docket number CP-14-CR-0000993-2010, p.13). He appealed to the superior court, which affirmed the denial on May 15, 2013. (Id. at 14, 19).

## II. <u>Discussion</u>

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petition be "in behalf of a person in custody pursuant to the judgment of a State court," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989).

The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." <u>Maleng</u>, 490 U.S. at 490-91; see also <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998). Although the "in custody" language does not require that a prisoner be physically confined in order to challenge his sentence in habeas corpus, see e.g., <u>Jones v. Cunningham</u>, 371 U.S. 236 (1963) (prisoner who is on parole is "in custody"), the Supreme Court "ha[s] never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." <u>Maleng</u>, 490 U.S. at 491; see also <u>Drakes v. INS</u>, 330 F.3d 600 (3d Cir. 2003); <u>United States v. Thomas</u>, 42 F.3d at 824. Thus, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." <u>Maleng</u>, 490 U.S. at 492.

On January 2, 2012, a notice to appear for sentence of imprisonment was issued by the court of common pleas. (See https://ujsportal.pacourts.us, court of common pleas electronic docket number CP-14-CR-0000993-2010, p. 11). On March 2, 1012, a bench warrant issued for failure to appear and, on March 23, 2012, the bench warrant was vacated as adjudicated. (Id. at 13). Petitioner was paroled from imprisonment on July 31, 2012, and came under the supervision of the Centre County Probation Department, which transferred supervision to the Philadelphia County Probation Department based on petitioner's residence. (Id. at 14). All indications are that his maximum sentence would have expired on or about March 23, 2014. If a habeas petitioner is not "in custody" for the conviction and sentence he is challenging as of the date his petition is filed, as is the case here, then the petition must be summarily dismissed for lack of jurisdiction. Charlton v. Morris, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam) (finding "[d]istrict Court was without jurisdiction to address the merits of [petitioner's] section 2254 petition because [petitioner], who had served his state sentence and was discharged from supervised release . . . was no longer 'in custody' for his state conviction"); United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559–560 (3d Cir. 1971) ("the *sine qua non* of federal habeas corpus jurisdiction is that petitioner be 'in custody' ").

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be summarily dismissed for lack of jurisdiction.

IV. **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: October 16, 2014